SHAW, Justice
(concurring in the result).
I concur in the result reached by the main opinion. I write specially to explain why the trial court did not err in submitting to the jury the issue of incidental and consequential damages. •
Incidental and consequential damages can be recovered for a seller’s breach. Ala.Code 1975, §§ 7-2-714(3) and -715. Under Ala.Code 1975, § 7-2-719(1), parties may agree to limit remedies for breaches, including damages. However, § 7-2-719(2) states that “[wjhere circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this title.” Under the authority of Massey-Ferguson, Inc. v. Laird, 432 So.2d 1259 (Ala.1983), when a limited remedy fails of its essential purpose, the damages available in § 7-2-714, including incidental and consequential damages, can be recovered, despite the limitations in the contract.
In the instant case, the warranty issued by Barko Hydraulics, LLC (“Barko”), limited recovery to the replacement of defective parts and barred incidental and consequential damages. However, the main opinion holds that there was sufficient evidence from which the jury could conclude that Barko’s warranty failed of its essential purpose. Specifically, there were numerous complaints by Michael Shepherd *314 as to the hydraulic system as early as four months after the 495ML loader was purchased. Those hydraulic-system issues apparently were not resolved. As the main opinion concludes: “Barko failed to' correct the problems with the 495ML loader after repeated complaints and servic-ings. Given the numerous attempts at repair over the extended period, the jury could properly have concluded that the 495ML loader had not been repaired and that the warranty had failed of its essential purpose.” . 167 So.3d at 311. Thus, the limitations on remedies and damages were not applicable in this case.